MR. JUSTICE HASWELL
specially concurring:
I concur in the result but not in all that is said in the foregoing opinion.
My principal disagreement concerns the discussion of Issue 5 relating to the defense of assumption of risk. As pointed out in the majority opinion contributory negligence is not a defense to a products liability case, but assumption of risk is a complete bar to recovery in such a case. The court’s Instruction No. 10 read:
“You are instructed that assumption of risk is voluntarily placing oneself in a position to chance known hazards. If a person has assumed the risk, he cannot recover for any injury or damage sustained by him. In determining whether or not the plaintiff assumed a risk, you are not to consider whether or not the plaintiff exercised due care for his own safety, but must find the following factors existed:
“ 1. That he had knowledge, actual or implied, of the particular condition.
“2. That he appreciated the condition as dangerous.
“3. Voluntarily remaining or continuing in the face of the known dangerous condition.
“4. Injury resulting as the usual or probable consequence of this dangerous condition.
“If you find all four of the above factors did exist at the time of the plaintiff’s injury, he cannot recover.”
In my view this instruction is a correct statement of the law. The instruction is the standard MJIG instruction used in the trial courts of this state for many years excepting that the phrase “you are not to consider whether or not the plaintiff exercised due care for his own safety” has been added. This addition conforms to existing law and makes clear to the jury that it is not to judge plaintiff’s conduct by contributory negligence standards.
As the United States District Court observed in Deeds v. United States, (D.Mont. 1969), 306 F.Supp. 348, 362:
*119 “* * * Contributory negligence arises from a lack of due care. Assumpion of risk will bar recovery regardless of the fact that plaintiff may have acted with due care.”
I have no objection to striking the words “actual or implied” from the instruction in the future in the interest of clarity. It may be that jurors are confusing “implied” knowledge with “constructive” knowledge which will not support the defense of assumption of risk.
There is also other language in the discussion of Issue No. 4 that improperly injects contributory negligence into the case, e. g., “(1) Was it unreasonable for plaintiff to act as he did?”